IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-71 |
| v. | ) | |
| | ) | (VARLAN/GUYTON) |
| KIMBERLY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Counsel for Defendant Kimberly Robinson, who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion to Have Case Declared Complex and Extended [Doc. 115], for a waiver of the case compensation maximum limit and for interim payment of attorney compensation. The Criminal Justice Act and the Guide to Judiciary Policy provides for a maximum compensation limit of $9,700 for each attorney in a non-capital case charging one or more felonies. 18 U.S.C. § 3006A(d)(2) (providing that the case compensation maximums shall increase "simultaneously" with changes in the hourly rate); 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, §§ 230.23.10(h), 230.23.20(a) (hereinafter Guide). Payment in excess of the $9,700 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or his or her designee. 18 U.S.C. § 3006A(d)(3).

In the present case, counsel requests that the case be declared extended and complex due to the high volume of discovery resulting from a lengthy wiretap investigation. The Government has not responded to this motion.

1

The following regulation is pertinent to the question of whether or not the $9,700 maximum on compensation should be waived:

(a) Overview

Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).

(b) Extended or Complex Cases

The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.

- If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."

- If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

(c) Determining Fair Compensation

After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:

- responsibilities involved measured by the magnitude and importance of the case;

- manner in which duties were performed;

- knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;

- nature of counsel's practice and injury thereto;

- any extraordinary pressure of time or other factors under which services were rendered; and

- any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 Guide, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 Guide, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse counsel's **expenses** except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); 7 Guide, Chapter 2, §§ 230.23.10(d), 230.63.10.

In this case, the Defendant is charged [Doc. 1] with conspiring with seven named codefendants to distribute cocaine from January 2000 to June 11, 2013 (Count One) and with conspiring with those same individuals to launder the proceeds of drug trafficking during the same time period (Count Two). The Defendant's case is currently set for trial on April 8, 2014. The Court observes that on the same day as the filing of this motion, counsel also filed a motion to continue [Doc. 114] in which counsel provided more detail as to the nature of the discovery in this case. Specifically, counsel submitted that the discovery consisted of numerous intercepted telephone conversations and text messages involving the Defendant and codefendants, and that additional discovery, including business records from the Defendant's cellular telephone service providers, is expected. The Court notes that although it granted [Doc. 116] a continuance of the trial to give counsel time to review the discovery, including discovery that he has not yet received, it has not found that this case is unusual or complex with regard to the number of defendants, the nature of the prosecution, or the presence of novel questions of law or fact for purposes of the Speedy Trial Act. See 18 U.S.C. 3161(h)(7)(B)(ii).

The Court finds that at this juncture of the litigation, it is premature to declare the case extended and complex. Counsel has not demonstrated that this case has required or will require

3

"more time, skill, and effort" on the part of defense counsel than typically required in the average case. Although counsel submits that there is a voluminous amount of discovery in this case, this factor alone does not render the case complex. Moreover, counsel's concern regarding the amount of discovery, in and of itself, does not demonstrate that this case requires significantly more time to litigate than a typical case in order to declare the case extended.

Accordingly, the Court finds the circumstances of this case do not rise to the level of those cases that are extended or complex. If counsel encounters a change in circumstances during his representation of the Defendant that would warrant a finding that the case is extended or complex, he may move again for such a declaration. For the reasons stated herein, it is **RECOMMENDED**[1] that the Motion to Have Case Declare Complex and Extended [**Doc. 115**] be **DENIED**.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).