UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:13-CR-71-TAV-HBG ) |
| KIMBERLY ROBINSON, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 363]. The United States has responded to the motion [Doc. 366], and Federal Defender Services of Eastern Tennessee filed a reply and supplement [Docs. 367, 370] on defendant's behalf. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motions will be **DENIED**.

**I.     Background**

On April 10, 2014, after a three-day trial, a jury found defendant Kimberly Robinson guilty on two counts: conspiracy to distribute five kilograms or more of a mixture and substance containing cocaine and conspiracy to commit money laundering [Doc. 174]. More specifically, in or around early 2008, defendant began transporting cocaine and drug proceeds between Georgia and Tennessee for codefendant Demond White [Doc. 205, Presentence Investigation Report at ¶ 7]. Between 2008 and her arrest on April 14, 2013, defendant made approximately 50 trips, transporting a total of approximately 183

kilograms of cocaine [*Id.* at ¶¶ 7, 11]. Defendant, who would have been around 53 years old at the time of her arrest, had no prior criminal history [*Id.* at ¶¶ 49 - 54]. However, during sentencing, the Court found that defendant committed perjury when she testified at trial, and, based on the government's objection to the presentence investigation report, imposed a two-level upward adjustment for obstruction of justice, pursuant to Section 3C1.1 of the United States Sentencing Commission Guidelines Manual, resulting in a guideline range of 292 to 365 months [Doc. 312 at 45-50]. The government sought a sentence of 327 months [*Id.* at 6] but the Court imposed a sentence of 292 months [Doc. 292]. In imposing this sentence, the Court considered and discussed the Section 3553(a) factors as they applied to defendant, and the Court incorporates that analysis herein [Doc. 312 at 50-60].

Defendant is housed at FCI Coleman Low, which currently has zero active cases of COVID-19 amongst the inmates and twenty-three (23) active cases amongst the staff. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021). Defendant, who is sixty-one (61) years old and suffers from, among other ailments, type 2 diabetes, hypertension, an unidentified mass in one of her breasts, and is recovering from a January 2020 case of Legionnaires' disease [Doc. 363 at 17-23, 32-45], is scheduled for release on January 1, 2035. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 11, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

3

*Id*. Defendant does not specify which section of the Act she seeks relief under, but as she is under the age of 70, the Court will assume she seeks relief under § 3582(c)(1)(A)(i) [Doc. 363].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, *16-17 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *6 (6th Cir. Jan. 6, 2021).

4

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that the exhaustion requirement has been met [Doc. 366]. Thus, the Court may consider the merits of defendant's request.

#### B. § 3553(a) factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 2021 U.S. App. LEXIS 251, at *6. Here, the § 3553(a) factors weigh against compassionate release; thus the court need not address the "extraordinary and compelling reasons" component.

"§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, *16-17 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but

5

not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491.

As noted above, at sentencing the Court conducted a thorough analysis of the § 3553(a) factors as they then applied to defendant, and the Court incorporates that analysis in the instant ruling [Doc. 312 at 50-60]. Between 2008 and her arrest on April 14, 2013, defendant made approximately 50 trips between Tennessee and Georgia, transporting a total of approximately 183 kilograms of cocaine [Doc. 205, Presentence Investigation Report at ¶¶ 7, 11]. The Court again emphasizes the serious nature of defendant's offense, and the seriousness of defendant's conduct was only heightened by defendant's choice to perjure herself at trial. This was not a single mistake, but a years long conspiracy, and such significant criminal behavior points to, among other things, the need to promote respect for the law, provide just punishment, and provide adequate deterrence. And despite defendant's arguments at sentencing, the Court found then, and continues to find, that defendant's specific history and characteristics do not take her "outside of the heartland of drug trafficking cases that come before the Court" [Doc. 312 at 57].

6

Defendant has served approximately 80 months of her 292-month sentence, and, given the Court's analysis above, the Court finds that it would not be consistent with the § 3553(a) factors to grant defendant compassionate release at this time. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In reaching this decision, the Court has considered the parties' filings, including defendant's medical and prison records, the sentencing transcript, the presentence investigation report, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court is sympathetic to defendant's medical condition and appreciates defendant's efforts at self-improvement while in prison, those are only part of the compassionate release calculus, and, on the record before the Court, the sentencing factors weigh against early release.

### C. Request for Counsel

Defendant's motion includes a request that the Court appoint counsel to represent her in seeking compassionate release. This Court's Standing Order No. 19-04 provides, in pertinent part:

> Federal Defender Services of Eastern Tennessee ("FDSET") is hereby **APPOINTED** to represent a defendant if that defendant files a section 3582(c)(1)(A) motion directly with this Court pursuant to section 603(b) of the FIRST STEP Act. FDSET shall file a supplement to defendant's pro se motion without delay. If FDSET determines that defendant's motion needs no supplementation, then FDSET shall file a notice stating so. FDSET shall also notify the defendant that it will not file a supplemental motion.

7

> FDSET is also **APPOINTED** if a defendant contacts FDSET to file the motion on the defendant's behalf and if FDSET determines the motion would not be frivolous. In addition, previously-appointed CJA counsel may file a motion on behalf of their clients if contacted to do so and if the previously-appointed CJA counsel determines the motion would not be frivolous. FDSET or another attorney appointed pursuant to this Order shall file a non-frivolous motion on the defendant's behalf without delay.

SO 19-04. Thus, the Court has already appointed FDSET to assist in appropriate compassionate release cases. The Court also notes that FDSET filed a reply and supplement on defendant's behalf [Docs. 367, 370]. Accordingly, defendant's request for the appointment of counsel is **DENIED as moot**.

## IV. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion [Doc. 363] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE