UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-71-TAV-HBG-6 |
| | ) | |
| KIMBERLY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 375]. The United States opposes Defendant's motion [Doc. 376]. For the reasons that follow, the motion will be denied.

## I.     BACKGROUND

On April 10, 2014, a jury found Defendant guilty of conspiracy to distribute five or more kilograms of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) [Doc. 174]. The Court sentenced her to a total term of 292 months of imprisonment followed by five years of supervised release [Doc. 292].

In May of 2020, Defendant filed her first motion for compassionate release [Doc. 363]. In the motion, Defendant argued that she was at risk of serious illness or death from COVID-19 and her health conditions, including type 2 diabetes, hypertension, an unidentified mass in one of her breasts, and a recent bout of Legionnaires' disease

[Doc. 363 at 17-23, 32-45].  The Court denied Defendant's motion because it found that

the sentencing factors in 18 U.S.C. § 3553(a) weighed against a sentence reduction

[Doc. 371].  In reaching this finding, the Court emphasized the seriousness of Defendant's

offense:

> [A]t sentencing the Court conducted a thorough analysis of the § 3553(a) factors as
> they then applied to defendant, and the Court incorporates that analysis in the instant
> ruling [Doc. 312 at 50-60].  Between 2008 and her arrest on April 14, 2013,
> defendant made approximately 50 trips between Tennessee and Georgia,
> transporting a total of approximately 183 kilograms of cocaine [Doc. 205,
> Presentence Investigation Report at ¶¶ 7, 11].  The Court again emphasizes the
> serious nature of defendant's offense, and the seriousness of defendant's conduct
> was only heightened by defendant's choice to perjure herself at trial.  This was not
> a single mistake, but a years long conspiracy, and such significant criminal behavior
> points to, among other things, the need to promote respect for the law, provide just
> punishment, and provide adequate deterrence.  And despite defendant's specific
> history and characteristics do not take her 'outside of the heartland of drug
> trafficking cases that come before the Court' [Doc. 312 at 57].

[Doc. 371 at 6].  The Court also noted that Defendant had served 80 months of her 292-

month sentence and found that it would be inconsistent with the § 3553(a) factors to grant

release at that time [*Id.* at 7].  Ultimately, the Court concluded,

> While the Court is sympathetic to defendant's medical condition and appreciates
> defendant's efforts at self-improvement while in prison, those are only part of the
> compassionate release calculus, and on the record before the Court, the sentencing
> factors weigh against early release.

[*Id*].

In November 2021, Defendant filed a second motion for compassionate release.

[Doc. 375].  In the motion, she renews her arguments that her life is in danger due to

COVID-19 and her chronic medical conditions.  She adds that since she filed her first

2

motion, she has developed cardiovascular disease and long-haul symptoms from twice contracting COVID-19 [*Id*. at 4–5].

Defendant is presently housed at Federal Correctional Institute Marianna, and according to the Bureau of Prisons ("BOP"), her projected release date is January 1, 2035. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by register number, 64902-019) (last visited Feb. 4, 2022).

## II.    LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).   Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).   Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).   However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.   *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors…in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.    ANALYSIS

### A.    Exhaustion

To satisfy the exhaustion requirement, Defendant relies upon her exhaustion of administrative remedies prior to filing her first motion for compassionate release [Doc. 375 at 4, *citing* Docs. 366, 371]. Defendant does not show that she has pursued administrative remedies with the BOP again prior to filing the instant motion. In any case, the Government does not argue that the exhaustion requirement has not been met [*see* Doc. 376] and as a result, has forfeited any objection it may have had on exhaustion grounds. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

4

**B.     18 U.S.C. § 3553(a) Factors**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this case, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether Defendant has shown extraordinary and compelling reasons for release. Under 18 U.S.C. § "3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

First, the Court looks to the criminal conduct at issue in the case. The Court affirms its prior findings regarding the seriousness of her offenses [*see* Doc. 371 at 6]. Defendant's conduct was serious, involving the transportation of approximately 183 kilograms of

5

cocaine between 2008 and 2013. As the Court noted before, this was not a single mistake, but a years long conspiracy the seriousness of which was exacerbated by her perjury at trial. Her offenses emphasize the need to promote respect for the law, provide just punishment, and provide adequate deterrence.

When reviewing the § 3553(a) factors, this Court may consider the amount of time that a defendant has served on a sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this case, Defendant was sentenced to a total term of imprisonment of 292 months and her projected release date is January 1, 2035, approximately 155 months from now. The Court finds that the significant period of time Defendant has left to serve on her sentence weighs against compassionate release.

The Court acknowledges Defendant's medical conditions and past medical history, including the conditions she has developed since she filed her first motion. However, the Court notes that BOP classifies Defendant as a Care Level 2 [Doc. 376-1]. Care Level 2 patients are "stable outpatients who require clinician evaluations monthly to every 6 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited February 4, 2022). "Their medical and mental health conditions can be managed through routine, regularly scheduled appointments with clinicians for

6

monitoring" and "[e]nhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *Id*.

The Court is also aware of the risk that the ongoing pandemic poses to Defendant and to others. However, that risk is lessened by the availability of vaccines. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."). Defendant is fully vaccinated and says she has survived two instances of infection with COVID-19, albeit with some lingering symptoms [Doc. 375 at 5].

After considering the applicable § 3353(a) factors and all evidence of record, the Court finds that the § 3353(a) factors weigh against granting compassionate release at this time. A sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant. While the Court remains cognizant of Defendant's medical conditions and acknowledges the letters that were submitted on her behalf [Docs. 379, 380], on the record before the Court, the sentencing factors weigh against early release, and Defendant's motion for compassionate release will be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Doc. 375] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE